**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RIT RESCUE & ESCAPE SYSTEMS, INC.,** ) | **Case No. 1:08 CV 1101** |
| ) | |
| Plaintiff, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **FIRE INNOVATIONS, LLC,** ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court pursuant to the "Declaration of Omar Jordan, President of RIT Rescue & Escape Systems, Inc. Pursuant to 28 U.S.C. § 144". (**ECF No. 30**, at 4-7 (hereafter "§ 144 Declaration" or "Declaration" or "Decl.")). Mr. Jordan is the President of RIT Rescue & Escape Systems, Inc. ("RIT"), the plaintiff in this case, which alleges that its patented pre-rigged emergency egress system for firefighters is being infringed by an emergency egress system manufactured by Defendant Fire Innovations, LLC ("FI"). In the § 144 Declaration, Mr. Jordan declares that, during the Case Management Conference ("CMC") held on November 5, 2008, I exhibited a "pre-disposition" against the infringement of the RIT patent by FI and/or the validity of the RIT patent that necessitates reassignment of this case or, in other words, my recusal. After reviewing the statute, the Declaration and attachments, and the case law, I conclude that Mr. Jordan has failed to show the requisite "personal bias or prejudice" under § 144 that would necessitate reassignment.

**I.**

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Id.  Mr. Jordan has filed an affidavit that is accompanied by a certificate of counsel stating that it is made in good faith.  In order to support reassignment, the affidavit must be "sufficient."[1] *Liberis v. Craig*, 845 F.2d 326 (6th Cir. 1988).  Additionally, reassignment is not mandatory upon the filing of an affidavit, even when it is filed in good faith.

For a § 144 affidavit to be sufficient, it must allege specific facts that a reasonable person would believe indicate that a judge is personally biased or prejudiced against the declarant.  *U.S. v. Gallion*, No. 07-39(WOB), 2008 WL 1904669, at *2 (E.D. Ky. Apr. 29, 2008) (citing *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988)).  "The standard is an objective one."  *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)).

---

[1] The statute requires that an affidavit shall be filed within "ten days before the beginning of the term at which the proceeding is to be heard."  28 U.S.C. § 144.  This archaic provision can no longer be applied as courts have not operated by "term" since the early 1960s.  See Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144 (Federal Judicial Center 2002).  In the absence of a viable standard, various circuits have developed different tests to determine whether affidavits under § 144 are timely filed.  Because the Sixth Circuit has yet to articulate a standard, the Court assumes for purposes of this Order that the affidavit was timely filed.

"[T]he judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Id*. (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990), and citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "Indeed, there 'is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.'" *Id. See also United States v. Angelus*, 258 Fed. Appx. 840-842 (6th Cir. 2007) ("Although a judge is obliged to disqualify himself when there is a close question concerning his impartiality, . . . he has an equally strong duty to sit where disqualification is not required) (inner quotations and citations omitted); *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (noting "equal duty" principle); **Fharmacy Records v. Nasser,** 572 F.Supp.2d 869, 876 (E.D. Mich. 2008) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited.") (citation omitted).

"Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Fharmacy Records v. Nassar*, 572 F.Supp.2d at 875 (quoting *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990)). It may be predicated upon extrajudicial sources such as the judge's background or associations. *Id*. "Bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification." *Id*. (citing *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983)). Furthermore, "[a] district judge is presumed to be impartial, and the party challenging such impartiality bears 'the substantial burden of showing otherwise.'" *Fharmacy Records*, No. 05-cv-72126, 2008 WL 4965337, at *3 (E.D. Mich. Nov. 18, 2008) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) in turn quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)); *Scott v. Metro. Healthcare Corp.*, 234

Fed. Appx. 341, 352 (6th Cir. 2007). "The burden is not on the judge to prove that he is impartial." *Scott*, 234 Fed. Appx. at 352.

In assessing a § 144 affidavit, the district court must accept as true the factual allegations contained therein. *Id*. (citing *Scott*, 234 Fed. Appx. at 352, in turn citing *Hoffman v. Caterpillar, Inc*., 368 F.3d 709, 718 (7th Cir. 2004)). However, the court is <u>not</u> bound to accept the conclusions that the affiant draws from those facts. *Id*.

**II.**

Mr. Jordan declares that, based on comments I allegedly made at the CMC held on November 5, 2008, I have a "predisposition . . . relative to the lack of FI infringement of the RIT patents and/or the validity of the RIT [patent]" necessitating reassignment of the case under 28 U.S.C. § 144. Attached to his declaration is a "<u>draft</u> of a letter to Chief Judge Carr" which reflects notes that he took at the CMC. (Decl. ¶ 4 (referencing ECF No. 30 at 10-12) (emphasis in original).) Also attached is a certification of his attorney attesting that Jordan's declarations are grounded in fact and made in good faith. (ECF No. 30 at 14-15.)

Defendant FI has filed a response to the § 144 Declaration challenging the sufficiency of the affidavit and asserting, among other things, that "much of the characterization of the subject Case Management Conference set forth by Mr. Jordan is simply inaccurate," "nothing in plaintiff's affidavit establishes that the Court has exhibited a personal prejudice against either RIT or Mr. Jordan," "the affidavit merely indicates that the plaintiff disagrees with the legal process and the legal opinion of the judge presiding over the matter," and "on its face the affidavit by Mr. Jordan only seems to suggest (and only indirectly, at that) that the plaintiff believes that this Court is prejudiced against patent litigation." (ECF No. 31.) For the following

reasons, the Court concludes that the declaration is insufficient to allege personal bias or prejudice.

As a preliminary matter,[2] I note that I follow the Local Rules of the United States District Court for the Northern District of Ohio (LR 16) and the Federal Rules of Civil Procedure (Fed. R. Civ. P. 26), as expressed in my standing Case Management Conference Scheduling Order, with regard to the requirement that counsel and their clients be present at all pretrial conferences, including the CMC. I also note that, like all other judges in this district, I hold my civil pretrial conferences in my conference room without a court reporter. It is no secret, as expressed at my webpage on the Ohio Northern District Court website, that I believe "the attorneys and parties should view the litigation process as a vehicle to resolve a controversy."[3] As such, I take the opportunity of having the parties and their attorneys at every pretrial conference (including the CMC) not just to issue a scheduling order, but to find out as much as I can about the case, ascertain the economics of the case, iron out any discovery issues and begin to engage the parties in settlement discussions if appropriate. Nothing prohibits this type of discussion at pretrial conferences. It is with this background in mind that I had a member of my staff call counsel and request that their clients bring a sample of the patented product and the alleged infringing product to the CMC. In addition to the numerous scheduling items discussed at the conference, the parties took turns showing me how their products work. At the conclusion of the CMC, I issued the following order:

---

[2] Based on certain comments made by Mr. Jordan in the draft letter to Chief Judge Carr concerning his impressions about how pretrial conferences are supposed to be conducted in this district, I have decided to address this matter first.

[3] See Civil and Criminal Practices and Procedures ¶ B.2, Polster, Dan A. at http://www.ohnd.uscourts.gov/Judges/index.html.

>A Case Management Conference ("CMC") was held on November 5, 2008. As a result of the discussions during the CMC, the parties agreed to undergo preliminary discovery in anticipation of a status/settlement conference to be held in chambers at 9:00A.M. EST on March 19, 2009. The parties shall undergo three months of focused discovery. Plaintiff shall file a claims chart, no later than February 2, 2009, which specifically identifies how the Defendant's products are infringing upon Plaintiff's patents. Defendant shall file a response, no later than March 2, 2009.
>
>In anticipation of the March 19 conference, both parties shall fax submission letters to chambers no later than 12:00 P.M. on March 16, 2008, addressing matters that may assist the Court in settling the case, as well as the status of settlement discussions. The Court's fax number is 216-357-7195.

(ECF No. 28.)

I now turn to the § 144 Declaration. Mr. Jordan declares that I have a predisposition against his product and in favor of Defendant's product based on two types of comments I made at the CMC. The first type of comments I allegedly made regard the realities of patent litigation and the economics of the case based on the parties' answers to my questions:

> •"The cost of the contemplated litigation was beyond the economic means of the parties, . . ." (Decl. ¶ 9.)
>
> •"There was no way that [I] was going to permit this case to go to trail [sic] because of [my] belief that is [sic] was a waste of the parties limited resources." (Id.)
>
> •" [T]he pending patent litigation was a waste of both the parties and the Court's resources, the rational [sic] being expressed that whatever [I] decided would be appealed and reviewed by the Court of Appeal in Washington, that routinely reverses the trial court's findings." Id. ¶ 6.

Without debating which of these statements I actually made and which I did not make, none of them exhibits a personal bias against RIT or Mr. Jordan necessitating reassignment of the case under § 144. None are directed at RIT or the merits of its contentions in this case. The result of the CMC was the aggressive discovery schedule issued in ECF No. 28, quoted above.

The second type of comments I allegedly made were those made after the parties demonstrated their products to me:

> •". . . Judge Polster proceeded to compare the products of one party to the other, and stated that the FI product [sic] <u>non-infringing</u> of the patent rights asserted in this litigation."  (Decl. ¶ 7 (emphasis in original).)
>
> •"Judge Polster indicated that a Markman hearing would not change his impression as to the non-infringement of the FI product because of his <u>pre-conceived attitudes</u> relative to combination of features claimed in the RIT patent rights – specifically that the "pre-rigging" of an emergency egress system for fireman gear and equipment cannot be patented."  (Id. ¶ 8 (emphasis in original).)
>
> •"The cost of the contemplated litigation . . . could not be economically justified by the parties because the RIT patents were, in his opinion, or [sic] marginal value or worthless."  (Id. ¶ 9.)
>
> •"Pre-Rigging" cannot be the basis of patenting anything."  (Id.)
>
> •"The RIT patents were obviously invalid because of their contemplation of a "pre-rigged" safe/escape line for an emergency egress system."  (Id.)

These allegations seriously mischaracterize the comments I made at the CMC.[4]  Even assuming the truth of these allegations, however, none exhibits a personal bias against Mr. Jordan or RIT. Nor do they reflect a bias predicated upon extrajudicial sources arising out of my background or associations.  *Liteky*, 510 U.S. at 545-55; *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). At most, they reflect my view of the law based on what I learned from my participation in the case.  *Id*.  Case law shows, however, that this is an insufficient basis upon which to reassign the case under § 144.

---

[4]After viewing the products, both of which were impressive but which appear to the lay person (i.e., me) to be very different, I expressed doubts that "pre-rigging" *per se* is patentable as well as my doubt that someone can get a valid patent for coiling a rope in a serpentine fashion.  In fact, Defendant itself was confused about how, exactly, its product infringed Plaintiff's patent – giving rise to three months of discovery and Plaintiff's preparation of a claims chart.  However, I have never adjudicated this type of patent and have plenty of time to learn about these issues.

**III.**

In summary, Mr. Jordan has failed to identify a personal bias or prejudice on my part because none exists.  To favorably entertain Mr. Jordan's declaration would, under the facts and circumstances presented, constitute an entirely unwarranted abdication of judicial responsibility.  Accordingly, Mr. Jordan's request for reassignment under 28 U.S.C. § 144 (**ECF No. 30**) is hereby **DENIED**.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     December 16, 2008*
**Dan Aaron Polster**
**United States District Judge**